Devin H. Fok (SBN 256599)
**DHF LAW, P.C.**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

Joshua E. Kim (SBN 257260)
A NEW WAY OF LIFE REENTRY PROJECT
9512 S. Central Ave.
Los Angeles, CA 90002
Telephone: (323) 563-3575 Ext. 34
Facsimile: (323) 563-3445
joshua@anewwayoflife.org

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **JOHN DOE, on behalf of himself and all others similarly situated,** ) <br> ) <br> **Plaintiff,** ) <br> **vs.** ) <br> ) <br> **STERLING INFOSYSTEMS, INC.; and DOES 1-10 inclusive, ,** ) <br> ) <br> **Defendant.** ) <br> ) <br> ) <br> ) <br> ) | No.: <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES** |

## PRELIMINARY STATEMENT

1.  This is a consumer class action by JOHN DOE on behalf of himself (individually as "Plaintiff") and all others similarly situated, (collectively as "Plaintiffs") against Defendant STERLING INFOSYSTEMS, INC. ("STERLING" or "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681e(b)

1

and k(a)(2) for Defendant's issuance of an erroneous report and §1681g(a)(1) for its failure to provide full-file disclosure despite consumer written requests to do so.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff John Doe is an adult individual who at all times relevant hereto resided in Los Angeles, California.

5.     Plaintiff sues under a pseudonym to protect his anonymity and against the risk of harm to his employment prospects, against which the applicable California laws expunging his records are intended to protect him.  If ordered by the Court, Plaintiff will file this Complaint under his true name and under seal.

6.     Defendant STERLING is a foreign corporation doing business in California.

## APPLICABLE LAW

7.     Pursuant to 15 U.S.C. §1681e(b) and k(a)(2), a consumer reporting agency is required to use reasonable procedures to ensure *the maximum possible accuracy* of the information reported and *strict procedures* to ensure that the public records information reported is complete and up to date.

8.     Pursuant to 15 U.S.C. §1681g, a consumer reporting agency such as STERLING is required to provide the ***full-file*** on the consumer upon requests which includes "[a]ll information in the consumer's file at the time of the request" to allow consumers to determine the accuracy of the information set forth in her files and the bases upon which adverse actions were taken. (*Gillespie v. Trans Union Corp.* (2007, CA7 Ill.) 482 F.3d 907).

## FACTUAL ALLEGATIONS

**A.     No Disclosure Despite Written Request to Do So**

1.     On or about April 16, 2010, Plaintiff was convicted of a misdemeanor violation of Cal. Pen. C. §12020(a)(4) for carrying a concealed "dirk or dagger."

2.     Four years following the conviction and after successful completion of probation, Plaintiff applied for work as a temporary worker at a staffing agency (hereafter as "employer").

3.     Plaintiff was hired, and employer procured a consumer report pursuant to an authorization signed January 10, 2014.

4.     On or about January 31, 2014, STERLING furnished a consumer report disclosing the following ***erroneous*** information (identifying information redacted by Plaintiff):

Case Number:         REDACTED

Last Name:           REDACTED

First Name:          REDACTED

Middle Name:         REDACTED

DOB:                 REDACTED

Case Comments:       Case Type: Conviction

3

Case Level: Felony

\*\*\*

Charges

Type: Felony

Original Charge: DANGEROUS WEAPONS, MANUFACTURE, SALE, POSSESSION; CARRYING EXPLOSIVE OR CONCEALED DIRK OR DAGGER

Disposition: Guilty/Convicted

5.     Defendant erroneously disclosed Plaintiff's conviction as a "felony" when at all times relevant herein, it was charged and convicted as a "misdemeanor."

6.     Second, at no time was Plaintiff ever charged with the manufacture, sale or possession of a dangerous weapon. Plaintiff was also never charged with the carrying of explosives. Those charges are associated with a violation of Cal. Pen. C. §12020(a) paragraphs (1) through (3).

7.     Plaintiff was never charged with any of these crimes.

8.     Plaintiff was charged with a violation of Cal. Pen. C. §12020(a)(4), a much less serious offense for carrying a concealed "dirk or dagger."

9.     The misclassification of the charge to include these serious offenses as well as the misreporting of the charge as a "felony" misrepresents to the reader a much more serious conviction.

10.     Although Plaintiff was later put on a different job assignment by his employer, Plaintiff nevertheless suffered damages to his reputation and lost job placement opportunities because of the employer's mistaken assumption that Plaintiff was convicted of a felony based on STERLING's erroneous report.

11.     Following the issuance of the subject report, Plaintiff sought and successfully obtained relief pursuant to Cal. Pen. C. §1203.4 and his case was expunged on or about February 9, 2015.

4

12.     His expungement attorneys sent three requests to STERLING to obtain copies of his full file pursuant to 15 U.S.C. §1681g(a) and to correct the mistake previously reported on his consumer report.

13.     The first correspondence was sent on or about September 18, 2014 via U.S. Mail to Sterling Infosystems addressed to 1 State Street Plaza 24th Floor, New York, NY 10004, the same address identified as Sterling's Corporate Headquarters on its website located at: http://www.sterlingbackcheck.com/About/Contact-us.aspx (last viewed 6/23/2015 at 12:18 P.M.).

14.     Plaintiff did not receive any response from Sterling. And, on October 17, 2014, Plaintiff's counsel sent another 15 U.S.C. §1681g request to Sterling, addressed to the same address.

15.     Not having received a response from Sterling, on January 23, 2015, Plaintiff's counsel sent Sterling the third and final request by U.S. Certified Mail, Certified Receipt Number: 7012-1010-0001-8884-9758, addressed to the same address.

16.     To date, Plaintiff has failed to receive any response from STERLING.

**B.     Facts Common to Plaintiff and Similarly Situated Consumers**

17.     Plaintiff is informed and believes, and on that basis alleges that Defendant routinely failed to provide responses pursuant to 15 U.S.C. §1681g(a).

18.     This failure detrimentally harms Plaintiff and the proposed class as it adverse impacts their ability to review information in their files and take corrective measures before such information is resold to subsequent employers.

//
//
//
//
//

**C.    Defendant Acted Willfully**

19.    Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

20.    The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

21.    Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

22.    Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in case law applying those provisions.

23.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

24.    Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

25.    As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

26.    Defendant was also well aware of California statutory requirements related to the procurement and use of credit reports. Despite this clear statutory duty, Defendant illegally procured credit reports and failed to provide Plaintiff, and those

similarly situated, notice relating to the statutory basis for which credit reports were procured.

27.    In addition, Defendant's *repeated* failure to respond to Plaintiff's request for his full file under 15 U.S.C. § 1681g shows at minimum a reckless disregard for Plaintiff's right guaranteed under the law.

## CLASS ACTION ALLEGATIONS

**A.    The FCRA Class**

28.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Class, initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report and on whom a request for disclosure pursuant to 15 U.S.C. §1681g(a) was received and not responded to during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency.

**E.    Application of Rule 23 to the Classes**

29.    **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30.    **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendant's failure to provide a response pursuant to a request for consumer information violated 15 U.S.C. §1681g(a);

b. Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

31. **Typicality – FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class Member. For class certification purposes, Plaintiff seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

32. **Adequacy of Representation – FED. R. CIV. P. 23(a)(3).** Plaintiff is an adequate representative of the Classes because his interests coincide with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Classes.

33. **Superiority – Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By

contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

34. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class Members. FED. R. CIV. P. 23(b)(2); *see* CAL. CIV. CODE § 1785.31(b).

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF FCRA SECTION 1681g(a) on behalf of Plaintiff and those similarly situated

35. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36. Defendant willfully violated the FCRA, 15 U.S.C. § 1681g(a) because it failed to provide a full file disclosure despite consumers' requests for the same.

37. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

38. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

39. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

//
//
//
//

**COUNT II—VIOLATION OF FCRA SECTION 1681e(b) and 1681k(a)(2) on behalf of Plaintiff individually**

40.     Defendant negligently and/or willfully violated the FCRA, 15 U.S.C. §1681e(b) and k(a)(2) because Defendant failed to utilize reasonable and/or strict procedures to ensure that the reported information is accurate, complete, and up to date.

41.     Plaintiff seeks actual damages and attorneys' fees for himself individually pursuant to 15 U.S.C. §1681o(a)(1) and (2) and 1681n(a)(3).

42.     Plaintiff also seeks statutory damages for himself for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

43.     Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

44.     In the alternative to the Plaintiff's allegations that these violations were willful, they allege that the violations were negligent.


Date: June 23, 2015                              Respectfully submitted,

                                                 /s/ Devin H. Fok

                                                 Devin H. Fok (SBN 256599)
                                                 **DHF LAW**
                                                 234 E. COLORADO BLVD., 8TH FLOOR
                                                 PASADENA, CA 91101
                                                 TELEPHONE: (310) 430-9933
                                                 FACSIMILE: (818) 484-2023
                                                 DEVIN@DEVINFOKLAW.COM