SEYFARTH SHAW LLP
Pamela Devata (Admitted *pro hac vice*)
pdevata@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

SEYFARTH SHAW LLP
Selyn Hong (SBN 303398)
shong@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
STERLING INFOSYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, on behalf of himself,<br><br>Plaintiff,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC.;<br>and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:15-cv-04770-RGK-AJW<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6)]**<br><br>*[[Proposed] Order lodged concurrently]*<br><br>Judge:      R. Gary Klausner<br>Date:       December 21, 2015<br>Time:       9:00 a.m.<br>Courtroom:   850 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 21, 2015, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 850 of the United States District Court for the Central District of California, located at 255 East Temple Street Los Angeles, CA 90012, Defendant Sterling Infosystems, Inc. ("Defendant") will and hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss: (1) Plaintiff's Section 1681k(a)(2) claim under the Fair Credit Reporting Act ("FCRA") and Section 1786.28(b) claim under the Investigative Consumer Reporting Agencies Act ("ICRAA") in his Second Amended Complaint [Docket No. 20] ("SAC"); (2) Plaintiff's claims of willfulness in the SAC as to FCRA Sections 1681e(b) and 1681k(a)(2); and (3) all claims alleged in the SAC under the ICRAA.

This Motion to Dismiss is based on this Notice of Motion and Motion to Dismiss, the supporting Memorandum of Points and Authorities and any exhibits thereto, all other papers and pleadings on file in this action, and on any further evidence that may be presented at the hearing of this matter.

This Motion to Dismiss is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 28, 2015 and on October 28, 2015.


DATED: November 9, 2015            SEYFARTH SHAW LLP


                                   By   /s/ Pamela Q. Devata
                                       Pamela Q. Devata (admitted *pro hac vice*)
                                       Selyn Hong

                                   Attorneys for Defendant
                                   STERLING INFOSYSTEMS, INC.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF RELEVANT FACTS .................................................................. 2

ARGUMENT ............................................................................................................. 4

   I.    PLAINTIFF'S SECTION 1681k(a)(2) FCRA CLAIM AND SECTION 1786.28(b) ICRAA CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................... 4

       A.    Plaintiff's Sections 1681k(a)(2) and 1786.28(b) Claims Should Be Dismissed Because Plaintiff Fails to Allege Sufficient Facts From Which To Reasonably Infer That Sterling Violated These Statutes ........................................................................................ 4

       B.    Plaintiff's Sections 1681k(a)(2) and 1786.28(b) Claims Should Be Dismissed Because Plaintiff Alleges Only An Erroneous Report, Not An Incomplete Or Out Of Date Report .......................... 5

   II.   PLAINTIFF'S CLAIMS OF WILLFULNESS AS TO SECTIONS 1681e(b) and 1681k(a)(2) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................... 9

   III.  COUNTS III and IV SHOULD BE DISMISSED BECAUSE THE ICRAA BARS CLAIMS BROUGHT UNDER BOTH THE FCRA AND THE ICRAA WHERE SUCH CLAIMS STEM FROM THE SAME ACT OR OMISSION ............................................................. 11

   IV.  COUNTS III and IV SHOULD BE DISMISSED BECAUSE THE ICRAA IS UNCONSTITUTIONALLY VAGUE ................................. 13

   V.   Plaintiffs' SECTION 1681k(a)(2) FCRA CLAIM, SECTION 1786.28(b) ICRAA CLAIM, CLAIMS OF WILLFUL VIOLATIONS OF SECTIONS 1681e(b) and 1681k(a)(2) OF THE FCRA, AND ICRAA CLAIMS Should Be Dismissed With Prejudice because Leave to Amend Would Be Futile ................................................. 16

CONCLUSION ....................................................................................................... 16

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................2, 3, 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................3, 5

*Bell v. ReconTrust Co., N.A.*,
   587 Fed. Appx. 402 (9th Cir. 2014)........................................................13

*Coleman v. Kohl's Dep't Stores, Inc.*,
   No. 15-cv-02588-JCS, 2015 U.S. Dist. LEXIS 135746
   (N.D. Cal. Oct. 5, 2015)...........................................................................12

*Farmer v. Philiips Agency, Inc.*,
   285 F.R.D. 688 (N.D. Ga. 2012) ..........................................................4, 8

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ...................................................................3

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*,
   848 F. Supp. 2d 532 (E.D. Pa. 2012).......................................................10

*Guillen v. Bank of Am. Corp.*,
   No. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860 (N.D. Cal. Aug.
   31, 2011) ...................................................................................................12

*Joffe v. Google, Inc.*,
   746 F.3d 920 (9th Cir. 2013) ......................................................................6

*Long v. Tommy Hilfiger U.S.A., Inc.*,
   671 F.3d 371 (3d Cir. 2012) .......................................................................9

*M.M. v. Lafayette Sch. Dist.*,
   681 F.3d 1082(9th Cir. 2012) ...................................................................13

*Manzarek v. St. Paul Fire & Mar. Ins. Co.*,
   519 F.3d 1025 (9th Cir. 2008) ....................................................................3

*Moran v. Screening Pros, LLC*,
No. 2:12-cv-05808, 2012 U.S. Dist. LEXIS 158598 (C.D. Cal. Sept. 28, 2012) *on reconsideration in part*, 2012 U.S. Dist. LEXIS 189350 (C.D. Cal. Nov. 20, 2012) ...................................................................................................13, 14

*Ramirez v. Trans Union, LLC*,
899 F. Supp. 2d 941 (N.D. Cal. 2012) ............................................................12

*Robles v. Ampam Parks Mech., Inc.*,
No. EDCV 14-02362-VAP, 2015 U.S. Dist. LEXIS 56402 (C.D. Cal. April 28, 2015) ...................................................................................................................10

*Roe v. LexisNexis Risk Solutions Inc.*,
No. 2:12-cv-06284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal. Mar. 19, 2013) ..................................................................................................13, 14, 15

*Safeco Ins. Co. v. Burr*,
551 U.S. 47 (2007)........................................................................................9, 10

*Shlahtichman v. 1-800 Contacts, Inc.*,
615 F.3d 794 (7th Cir. 2010) .............................................................................10

*Speers v. Pre-Employ.com, Inc.*,
No. 13-cv-01849-HU, 2014 U.S. Dist. LEXIS 82386 (D. Ore. May 13, 2014) ..8

*Spiegel v. Ryan*,
946 F.2d 1435 (9th Cir. 1991) .............................................................................6

*Syed v. M-I LLC*,
No. 1:14-742 WBS BAM, 2014 U.S. Dist. LEXIS 121123 (E.D. Cal. Aug. 28, 2014) ...................................................................................................................10

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981) ...............................................................................3

*Williams v. CitiMortgage, Inc.*,
No. CIV-13-354-M, 2014 U.S. Dist. LEXIS 45256 (W.D. Ok. April 2, 2014) .10

*Williams v. First Advantage LNS Screening Solutions, Inc.*,
No. 1:13cv222-MW/GRJ (N.D. Fla. filed Oct. 14, 2015)............................9, 11

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATE CASES**

*Cisneros v. U.D. Registry, Inc.*,
   39 Cal. App. 4th 548, 46 Cal. Rptr. 2d 233 (1995) ...............................................12

*Connor v. First Student, Inc., et al.*,
   239 Cal. App. 4th 526 (Cal. Ct. App. Aug. 12, 2015).......................................15

*Ortiz v. Lyon Mgmt. Grp., Inc.*,
   157 Cal. App. 4th 604 (2007) ...........................................................13, 14

*Trujillo v. First Am. Registry, Inc.*,
   157 Cal. App. 4th 628 (4th Dist. 2007) ..............................................13

**FEDERAL STATUTES**

15 U.S.C. § 1681 ...........................................................................1, 2, 6, 9, 10

15 U.S.C. § 1681e(b) ............................................................1, 2, 6, 7, 8, 9, 10

15 U.S.C. § 1681g(a) ....................................................................................3, 11

15 U.S.C. § 1681k(a) ...............................................................................5, 9, 10

15 U.S.C. § 1681k(a)(2)................................................. 1, 4, 5, 6, 8, 9, 10, 11

15 U.S.C. § 1681c(g)(1)...................................................................................9

FACTA § 1681c............................................................................................9

FCRA § 1681e(b) ......................................................................................3, 11

FCRA § 1681k(a)(2) ..............................................................1, 3, 4, 5, 6, 7, 8

FCRA § 1681n ...............................................................................................11

FCRA § 1681o ................................................................................................11

ICRAA § 1781.10 ............................................................................................3

ICRAA § 1786.11 .......................................................................................3, 11

ICRAA § 1786.20(b)................................................................................3, 6, 7, 11

ICRAA § 1786.22 ......................................................................................3, 11

iv

ICRAA § 1786.28(b)......................................................................1, 3, 4, 5, 6, 8, 11

ICRAA § 1786.50 ..........................................................................................11

ICRAA § 1786.52 ....................................................................................11, 12

ICRAA § 1786.10 ..........................................................................................11

**STATE STATUTES**

Cal. Civ. Code § 1786.1............................................................................1, 3

Cal. Civ. Code § 1786.11..............................................................................3

Cal. Civ. Code § 1786.52(a) ......................................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6)......................................................................1, 3, 9, 10

**OTHER AUTHORITIES**

117 Cong. Rec. S1164 (daily ed. Jan. 31, 1969) ......................................8

Fair Credit Reporting: Hearings before the Subcomm. on Financial Institutions of the Senate Comm. on Banking and Currency, 91st Cong. 93 (1969) ..................9

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STERLING INFOSYSTEMS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Sterling Infosystems, Inc. ("Sterling"), by and through its attorneys, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss the Second Amended Complaint filed by Plaintiff John Doe ("Plaintiff") [Docket No. 20] ("SAC").

## **PRELIMINARY STATEMENT**

This action arises out of an allegedly erroneous consumer report furnished by Sterling, a consumer reporting agency ("CRA"), to Plaintiff's employer, a staffing agency. The report allegedly mischaracterized as a felony Plaintiff's misdemeanor criminal conviction for carrying a concealed "dirk or dagger." Plaintiff also alleges that the report included charges against him for crimes for which he was not charged. Notably, such allegations are not supported by Plaintiff's own rendition of the report in the SAC. Although Plaintiff concedes that his employer placed him on another job assignment after receiving the allegedly erroneous report, Plaintiff nonetheless alleges multiple violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA") and the Investigative Consumer Reporting Agencies Act ("ICRAA"), California Civil Code § 1786.1 *et seq*. Plaintiff seeks actual, statutory, and punitive damages.

Multiple claims in the SAC should be dismissed for the following reasons. First, Plaintiff's Section 1681k(a)(2) claim under the FCRA and Plaintiff's Section 1786.28(b) claim under the ICRAA should be dismissed because the SAC contains only legal conclusions to support such claims, and impermissibly conflates the accuracy standard of Sections 1681e(b) of the FCRA and 1786.20(b) of the ICRAA with the entirely distinct completeness standard of Sections 1681k(a)(2) of the FCRA and 1786.28(b) of the ICRAA. Critically, Plaintiff fails to allege that the consumer report provided by Sterling was incomplete or not up to date—as required by Sections 1681k(a)(2) and 1786.28(b).

Second, Plaintiff's claims that Sterling "willfully" violated Sections 1681e(b) and 1681k(a)(2) should also be dismissed, as Plaintiff fails to allege *anything* even suggesting that an alleged technical violation of either provision was objectively unreasonable—the required and demanding standard for a "willful" violation of the FCRA.

Finally, Plaintiff's ICRAA claims should all be dismissed because the ICRAA explicitly forbids Plaintiff from bringing claims under both the FCRA and ICRAA for the same act or omission and—as this Court and others have recognized—the ICRAA is unconstitutionally vague.

**STATEMENT OF RELEVANT FACTS**[1]

Sterling is a CRA which sells consumer reports to third parties. *See* SAC ¶ 4. On or about January 31, 2014, Sterling furnished a consumer report on Plaintiff (the "Consumer Report") to Plaintiff's employer, a staffing agency. *Id.* ¶¶ 2, 4. Plaintiff alleges that the Consumer Report "erroneously disclosed" Plaintiff's conviction as a felony when it was charged and convicted as a misdemeanor, and that the Consumer Report misidentified and misclassified the charges brought against Plaintiff.[2] *See* SAC ¶¶ 5-9. Plaintiff does not allege that the Consumer Report was incomplete or not up to date in any manner.

---

[1] For purposes of this Motion only, Sterling accepts as true the allegations in the SAC. However, the Supreme Court has cautioned that "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Specifically, Plaintiff alleges that the Consumer Report erroneously indicates that Plaintiff was charged with the carrying of explosives (*see* SAC ¶¶ 6-7). According to the SAC, however, under "Original Charge," the alleged Consumer Report reads: "DANGEROUS WEAPONS, MANUFACTURE, SALE, POSSESSION; CARRYING EXPLOSIVE *OR* CONCEALED DIRK OR DAGGER." SAC ¶ 4 (emphasis added). Thus, based on Plaintiff's own allegations, the Consumer Report indicates that Plaintiff was charged with "carrying explosive" *or* "carrying . . . concealed dirk or dagger," not both. In other words, the Consumer Report, as worded, does not misrepresent that Plaintiff was charged with the carrying of explosives. And, in fact, Plaintiff concedes that he was "convicted . . . for carrying a concealed 'dirk or dagger.'" SAC ¶ 1.

Plaintiff further alleges that his attorneys sent three requests to Sterling for copies of his file pursuant to 15 U.S.C. § 1681g(a), Cal. Civ. Code §§ 1786.10 and 1786.11. SAC ¶ 12.  According to Plaintiff, he did not receive a response from Sterling. SAC ¶ 16.

The SAC asserts four counts against Sterling: (1) a violation of the FCRA § 1681g(a) (Count I) for allegedly failing to provide a full file disclosure despite Plaintiff's requests for same; (2) violations of the FCRA §§ 1681e(b) and 1681k(a)(2) (Count II) for allegedly failing to utilize reasonable and/or strict procedures to ensure that the reported information was accurate, complete, and up to date; (3) violations of the ICRAA §§ 1786.20(b) and 1786.28(b) (Count III) for allegedly failing to utilize reasonable and/or strict procedures to ensure that the reported information was accurate, complete, and up to date; and (4) violations of the ICRAA §§§ 1781.10, 1786.11, and 1786.22 (Count IV) for allegedly failing to provide Plaintiff with a copy of his full file despite Plaintiff's requests for same.  SAC ¶¶ 29-47.  Plaintiff's ICRAA claims rest on the same exact alleged acts or omissions as his FCRA claims.

## **STANDARD OF REVIEW**

In reviewing a Rule 12(b)(6) motion to dismiss, a court accepts well-pleaded allegations as true. *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).  But a court does not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *See Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).  To survive dismissal, the claim must be supported by sufficient facts that, if taken as true, make it at least "plausible" that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To achieve facial plausibility, a plaintiff must plead sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.  Plausibility requires "more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678; *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (same).  "Threadbare recitals of the elements of a cause of action, supported by

3

1  mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

2                                    <u>**ARGUMENT**</u>

3  **I.    PLAINTIFF'S SECTION 1681k(a)(2) FCRA CLAIM AND SECTION 1786.28(b) ICRAA CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

5        **A.    Plaintiff's Sections 1681k(a)(2) and 1786.28(b) Claims Should Be Dismissed Because Plaintiff Fails to Allege Sufficient Facts From Which To Reasonably Infer That Sterling Violated These Statutes**

7        To state a Section 1681k(a)(2) claim, Plaintiff must adequately allege that Sterling

8  "failed to maintain strict procedures designed to insure that whenever public record

9  information . . . is reported it is complete and up to date." 15 U.S.C. § 1681k(a)(2); *see*

10 *also Farmer v. Philiips Agency, Inc.*, 285 F.R.D. 688, 700 (N.D. Ga. 2012) ("to establish

11 a violation of . . . § 1681k(a)(2) of the FCRA, a plaintiff must show that . . . the CRA

12 failed to maintain strict procedures designed to insure that the information in that report

13 was complete and up to date; and [that] the consumer report was either incomplete or not

14 up to date"). Similarly, to maintain a Section 1786.28(b) claim, Plaintiff must adequately

15 allege that Sterling failed to "maintain strict procedures designed to insure that whenever

16 public record information which is likely to have an adverse effect on a consumer's

17 ability to obtain employment is reported it is complete and up to date." Cal. Civ. Code

18 § 1786.28(b). Under Sections 1681k(a)(2) and 1786.28(b), any information reported by

19 the CRA is *per se* up to date "if the current public record status of the item at the time of

20 the report is reported." 15 U.S.C. § 1681k(a)(2); Cal. Civ. Code § 1786.28(b). As set

21 forth below, Plaintiff fails to adequately allege a violation of Sections 1681k(a)(2) and

22 1786.28(b).

23        First, the SAC does not specifically allege that the criminal background

24 information purportedly contained in the Consumer Report was anything other than "the

25 current public record status" of Plaintiff's criminal record. This omission alone requires

26 dismissal because Plaintiff has not—and cannot —allege that the criminal record reported

27 by Sterling was not "complete and up to date" under Section 1681k(a)(2) of the FCRA or

28 Section 1786.28(b) of the ICRAA.

                                    4

Second, at most, the SAC contains only conclusory allegations that Sterling violated Sections 1681k(a)(2) and 1786.28(b) because it failed to utilize strict procedures to ensure that the information is complete and up to date. *See* SAC ¶¶ 33, 38. Under *Twombly* and *Iqbal*, such conclusory statements, without more, cannot sustain a Section 1681k(a)(2) or Section 1786.28(b) claim. *See Twombly*, 550 U.S. 544; *see also Iqbal*, 556 U.S. 662. At the very least, the SAC must include facts that could plausibly support the inference that the Consumer Report differed from the current public record status. *Id.* To be sure, Plaintiff has both a copy of the Consumer Report and ready access to the public record, yet fails to include any such facts in the SAC. As such, Plaintiff's Section 1681k(a)(2) FCRA claim and Section 1786.28(b) ICRAA claim should both be dismissed for failure to state a plausible claim.

**B.    Plaintiff's Sections 1681k(a)(2) and 1786.28(b) Claims Should Be Dismissed Because Plaintiff Alleges Only An Erroneous Report, Not An Incomplete Or Out Of Date Report**

Section 1681k(a) of the FCRA applies to a CRA that "furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a). Section 1681k(a)(2) requires that such CRAs do the following:

> maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is *complete and up to date* . . . [I]tems of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a)(2) (emphasis added).

Similarly, Section 1786.28(b) of the ICRAA applies to a CRA that "furnishes a consumer report for employment purposes and which for that purpose compiles, collects, assembles, evaluates, reports, transmits, transfers, or communicates items of information

5

on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" Cal. Civ. Code § 1786.28(b). Section 1786.28(b) contains an identical requirement as the FCRA that such CRAs "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is *complete and up to date*." Cal. Civ. Code § 1786.28(b) (emphasis added); *see also* 15 U.S.C. § 1681k(a)(2). Section 1786.28(b) of the ICRAA also mimics Section 1681k(a)(2) of the FCRA in stating that "items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported." *Id.* The plain language of both statutes make evident that they are designed to ensure that any reported information is "complete and up to date," not that such information is accurate.

A review of other sections of the FCRA and ICRAA support that "complete" under Sections 1681k(a)(2) and 1786.28(b) does not mean "accurate." Under prevailing rules of statutory construction, Section 1681k(a)(2) should be interpreted consistently with other sections of the FCRA and full effect should be given to all FCRA provisions, just as Section 1786.28(b) should be interpreted consistently with other sections of the ICRAA and full effect be given to all ICRAA provisions. *See Joffe v. Google, Inc.*, 746 F.3d 920, 930 (9th Cir. 2013) (Under well-accepted rules of statutory construction, results that are inconsistent with the statutory scheme are to be avoided) (citations and internal quotation marks omitted); *see also Spiegel v. Ryan*, 946 F.2d 1435, 1438 (9th Cir. 1991) (statutes should be interpreted to give full meaning to all provisions) (citation omitted).

Notably, Section 1681e(b) of the FCRA—which Plaintiff alleges was also violated by Sterling—requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). Similarly, Section 1786.20(b) of the ICRAA—which

6

Plaintiff alleges was also violated by Sterling—requires that "[w]henever an investigative consumer reporting agency prepares an investigative consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates."  Cal. Civ. Code § 1786.20(b) (emphasis added).  To read a more exacting accuracy requirement into Sections 1681k(a)(2) and 1786.28(b) would render Sections 1681e(b) and 1786.20(b) entirely superfluous.  Thus, consistent with Sections 1681e(b) and 1786.20(b), Sections 1681k(a)(2) and 1786.28(b) do not require a CRA to ensure that the information it reports is accurate.

Yet, the SAC alleges only that the Consumer Report was "erroneous," not that it was incomplete or out of date in any way:

- "Sterling furnished a consumer report disclosing the following *erroneous* information . . ." SAC ¶ 4 (emphasis in original).

- Sterling "*erroneously* disclosed Plaintiff's conviction as a 'felony' when at all times relevant herein, it was charged and convicted as a 'misdemeanor.'" SAC ¶ 5 (emphasis added).

- "The *misclassification of the charge* to include these serious offenses as well as the *misreporting of the charge* as a 'felony' misrepresents to the reader a much more serious conviction." SAC ¶ 9 (emphasis added).

- "Plaintiff . . . suffered damages to his reputation and lost job placement opportunities because of the employer's mistaken assumption that Plaintiff was convicted of a felony based on Sterling's *erroneous* report." SAC ¶ 10 (emphasis added).

- Plaintiff's expungement attorneys "sent three requests to Sterling to obtain copies of his full file . . . and to *correct the mistake* previously reported on his consumer report." SAC ¶ 12 (emphasis added).

None of these allegations concern the completeness of the Consumer Report, much less if

7

it was up to date.  Indeed, the SAC does not contain a single fact from which the Court could reasonably infer that Sterling provided an incomplete or out of date—as opposed to an (allegedly) erroneous—report about Plaintiff to his employer.  In fact, Plaintiff's Sections 1681k(a)(2) and 1786.28(b) claims are nothing more than blatant attempts to conflate the accuracy requirement of Sections 1681e(b) and 1786.20(b) with the separate "completeness" requirement of Sections 1681k(a)(2) and 1786.28(b).  As such, Plaintiff's Section 1681k(a)(2) FCRA claim and Section 1786.28(b) ICRAA claim should be dismissed for failure to state a claim.[3]  *See Speers v. Pre-Employ.com, Inc.*, No. 13-cv-01849-HU, 2014 U.S. Dist. LEXIS 82386, at **19-20 (D. Ore. May 13, 2014) (dismissing plaintiff's Section 1681k(a)(2) claim where, *inter alia,* plaintiff had not alleged that report was incomplete or not up-to-date); *see also Farmer*, 285 F.R.D. at 700 ("[T]o establish a violation of the requirements of § 1681k(a)(2) of the FCRA, a plaintiff must show that . . . the CRA failed to maintain strict procedures designed to insure that the information in that report was complete and up to date; and [that] the consumer report was either incomplete or not up to date.").

The FCRA's legislative history, which makes clear that Congress did not consider information reported by a CRA "incomplete" under Section 1681k(a)(2) due to a CRA erroneously reporting a misdemeanor as a felony or misclassifying a criminal charge (the allegations at issue here), supports this conclusion.  When Senator Proxmire first introduced his version of the FCRA, S. 823, on January 31, 1969, he noted a concern that credit reporting agencies would report arrests, judgments, liens, and bankruptcies without reporting the dismissal of suits, reversal of judgments, or settlements outside of court. 117 Cong. Rec. S1164 (daily ed. Jan. 31, 1969) (statement of Sen. William Proxmire). Similarly, in a statement to the Committee on Bankruptcy and Currency on S. 823 on May 20, 1969, Alan F. Westin, Professor of Public Law and Government at Columbia

---

[3] Because the allegations in the SAC concern the accuracy of the Consumer Report, Sterling does not move to dismiss Plaintiff's Section 1681e(b) claim at this pleading stage, though it wholly denies liability under Section 1681e(b).

8

University, stated, "[the credit reporting system] displays serious flaws in obtaining and recording information about arrests that lead to dismissed charges or even expunged police records because of unjustified arrest; . . . or convictions reversed on appeal in a higher court." *See* Fair Credit Reporting: Hearings before the Subcomm. on Financial Institutions of the Senate Comm. on Banking and Currency, 91st Cong. 93 (1969). Nowhere does Plaintiff allege that Sterling failed to report any dismissals of his criminal charges, reversals of judgments, or settlements outside of court. Thus, the legislative history of the FCRA further supports dismissal of Plaintiff's Section 1681k(a)(2) claim.

## II. PLAINTIFF'S CLAIMS OF WILLFULNESS AS TO SECTIONS 1681e(b) AND 1681k(a)(2) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Even if Plaintiff had sufficiently alleged a Section 1681k(a) violation (which he has not), Plaintiff's claims of "willful" violations of Section 1681k(a) and Section 1681e(b) should be dismissed because Plaintiff has not adequately alleged willfulness in the SAC. To establish willfulness, a plaintiff must show that the defendant knowingly or recklessly violated the FCRA. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57 (2007). Recklessness is "conduct violating an objective standard: action entailing an unjustifiably high risk of harm is either known or so obvious that it should be known." *Id.* at 68 (quotation marks omitted). This stringent standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. If Sterling complied with an objectively reasonable—albeit incorrect—construction of the statute, it cannot be said to have willfully violated it. *See Williams v. First Advantage LNS Screening Solutions, Inc.,* No. 1:13cv222-MW/GRJ, at p. 35 (N.D. Fla. filed Oct. 14, 2015) (Request for Judicial Notice ("RFJN"), Ex. A).

Multiple appellate courts have dismissed FCRA claims at the pleading stage where willfulness was not adequately alleged. In *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 376 (3d Cir. 2012), the Third Circuit affirmed the Rule 12(b)(6) dismissal of a

FACTA Section 1681c claim where the defendant's "interpretation of § 1681c(g)(1) had *some* foundation in the text," and thus the defendant's interpretation of the statute was *not*, as a matter of law, "objectively unreasonable.") (emphasis added).  Similarly, in *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010), the Seventh Circuit affirmed the Rule 12(b)(6) dismissal of a FACTA claim where "there [had] been no contrary opinion from a court of appeals or federal agency suggesting that the company's understanding of the statute [was] wrong."  Thus, although in other contexts, the question of willfulness may be an issue of fact for the jury, "those cases usually involve questions of fact as to what the defendant knew at the time of the alleged violation."  *See Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 543, fn.10 (E.D. Pa. 2012).  That is not an issue in an FCRA case—like this one— where "[t]he issue of willfulness . . . turns on whether the law was clear at the time of the alleged violation."  *Id.*  To the contrary, *Safeco* "strongly suggests" that the issue of whether a defendant's reading of the FCRA was "objectively unreasonable" is a question of law.  *Syed v. M-I LLC*, No. 1:14-742 WBS BAM, 2014 U.S. Dist. LEXIS 121123, at *5, fn. 1 (E.D. Cal. Aug. 28, 2014).

Here, Plaintiff has not alleged *any* facts that could allow the Court to reasonably infer that Sterling knowingly or recklessly violated Sections 1681e(b) and 1681k(a)(2) of the FCRA.  Not a single fact in the SAC speaks to whether any technical violation of Section 1681e(b) was "objectively unreasonable."  Nor do any facts in the SAC plausibly infer that any technical violation of Section 1681k(a) was "objectively unreasonable."  As such, Plaintiff's claims of willful violations of Sections 1681e(b) and 1681k(a)(2) fail as a matter of law.  *See., e.g., Robles v. Ampam Parks Mech., Inc.*, No. EDCV 14-02362-VAP (SPx), 2015 U.S. Dist. LEXIS 56402 (C.D. Cal. April 28, 2015) (dismissing claim of willful violation of the FCRA where the plaintiff failed to plead sufficiently that the defendant willfully breached the FCRA); *Syed,* 2014 U.S. Dist. LEXIS 121123, at **8-9 ("Absent plaintiff's allegation that defendant's conduct was objectively unreasonable, he is left with only bare allegations that defendants' conduct was 'willful' and 'reckless[,]' .

10

. . which . . . are not sufficient to state a claim" for a willful violation of the FCRA); *Williams v. CitiMortgage, Inc.*, No. CIV-13-354-M, 2014 U.S. Dist. LEXIS 45256, at **4-5 (W.D. Ok. April 2, 2014) (dismissing plaintiffs' claims of willful violations of the FCRA where the plaintiffs did not set forth sufficient facts that the CRA defendants intentionally violated the FCRA or violated the FCRA in reckless disregard of their duties); *see also* RFJN, Ex. A, p. 36 (granting summary judgment against plaintiff's claims of willful violations of Section 1681k(a)(2) of the FCRA where "[g]iven the scant guidance available to [the CRA defendant] concerning the contours of § 1681k(a)(2) and its procedures for ensuring what it reasonably could have thought constituted 'complete and up to date' information, it would be unreasonable to find that [the CRA defendant] willfully violated § 1681k(a)(2)").

## III. COUNTS III AND IV SHOULD BE DISMISSED BECAUSE THE ICRAA BARS CLAIMS BROUGHT UNDER BOTH THE FCRA AND THE ICRAA WHERE SUCH CLAIMS STEM FROM THE SAME ACT OR OMISSION

The ICRAA forbids a plaintiff from alleging ICRAA claims pursuant to Section 1786.50 when he already alleges claims under Sections 1681n and 1681o of the FCRA for the same act or omission, as Plaintiff does here. *See* Cal. Civ. Code § 1786.52(a) ("Any investigative consumer reporting agency . . . against whom an action brought pursuant to Section 1681n or 1681o of [the FCRA] is pending shall not be subject to suit for the same act or omission under Section 1786.50."). Because the SAC violates this clear directive, Plaintiff's ICRAA claims must all be dismissed.

The allegations in the SAC fall squarely within the conduct forbidden by Section 1786.52 of the ICRAA. Plaintiff's FCRA claims are brought pursuant to Sections 1681n and 1681o of the FCRA (*see* SAC ¶¶ 30-32, 34-36), while his ICRAA claims are brought under Section 1786.50 (*see* SAC ¶¶ 39-41, 44-46). Moreover, Plaintiff's ICRAA claims rely on the same exact alleged acts or omissions as his FCRA claims. Specifically, Plaintiff's Section 1681g(a) FCRA claim and his Sections 1786.10, 1786.11, and 1786.22 ICRAA claims, as alleged in the SAC, all stem from Sterling's alleged failure to provide Plaintiff a full file disclosure despite Plaintiff's requests for the same. SAC ¶¶ 29, 43.

11

Similarly, Plaintiff's Sections 1681e(b) and 1681k(a)(2) FCRA claims and his Sections 1786.20(b) and 1786.28(b) ICRAA claims all stem from Plaintiff's alleged failure "to utilize reasonable and/or strict procedures to ensure that the reported information is accurate, complete, and up to date." SAC ¶¶ 33, 38. The purported acts or omissions that form the bases of Plaintiff's FCRA claims are *exactly the same* as those used to allege Plaintiff's ICRAA claims. Thus, Plaintiff's ICRAA claims warrant dismissal under the plain language of the ICRAA.

The Northern District of California's recent decision in *Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-cv-02588-JCS, 2015 U.S. Dist. LEXIS 135746 (N.D. Cal. Oct. 5, 2015) supports this result. *Coleman* was a putative class action where the named plaintiffs alleged, *inter alia*, several violations of the FCRA and one violation of the ICRAA. The court dismissed all such claims. In granting leave to amend the ICRAA claim, the court cited Section 1786.52 of the ICRAA in holding that it would not allow the plaintiffs to allege both FCRA and ICRAA claims stemming from the same act or omission. *See Coleman*, 2015 U.S. Dist. LEXIS 135746 , at *22, fn. 7 ("To the extent [p]laintiffs] submit a second amended complaint that alleges both FCRA and ICRAA claims stemming from the same act or omission, § 1786.52 bars those ICRAA claims."). In doing so, the court was "mindful of a contrary holding with respect to an analogous election of remedies provision in the CCRAA." *Id.* (citing *Ramirez v. Trans Union, LLC*, 899 F. Supp. 2d 941, 944-45 (N.D. Cal. 2012); *Guillen v. Bank of Am. Corp.*, No. 5:10-cv-05825 EJD (PSG), 2011 U.S. Dist. LEXIS 98860, at *13-14 (N.D. Cal. Aug. 31, 2011) (same)). But the Court explicitly declined to follow *Ramirez* and *Guillen* (and by implication, *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 46 Cal. Rptr. 2d 233 (1995), which was discussed in *Ramirez*) because those cases "dealt with a different statutory provision than [Section 1786.52 of the ICRAA]." *Id.*, at *23, fn. 7. Here too, the Court is not bound to the holdings in *Ramirez, Guillen,* and *Cisneros*, as those cases all deal with the CCRAA, not the ICRAA. Moreover, the plain language of the ICRAA,

and the district court's sound reasoning in *Coleman*, confirm that Plaintiff's ICRAA claims must be dismissed with prejudice.

Ninth Circuit precedent against duplicative claims further supports dismissal.  *See, e.g., M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091(9th Cir. 2012) (in affirming district court's dismissal of duplicative claim, noting that it was "well established that a district court has broad discretion to . . . dismiss duplicative claims"); *Bell v. ReconTrust Co., N.A.*, 587 Fed. Appx. 402, at *7 (9th Cir. 2014) (same).

## IV.   COUNTS III AND IV SHOULD BE DISMISSED BECAUSE THE ICRAA IS UNCONSTITUTIONALLY VAGUE

Finally, Plaintiff's ICRAA claims (Counts III and IV) hinge on a mistaken premise that the Consumer Report is governed by the ICRAA and not the CCRAA.  Yet, multiple courts, including this Court, have held that the ICRAA is unconstitutionally vague as applied to consumer reports containing information, such as criminal history, bearing also on creditworthiness.  *See, e.g., Roe v. LexisNexis Risk Solutions Inc.*, No. 2:12-cv-06284 GAF (Ex), 2013 U.S. Dist. LEXIS 88936 (C.D. Cal. Mar. 19, 2013) (the ICRAA was unconstitutionally vague as applied to a criminal background check report as the criminal information in the report clearly subjected it to the CCRAA as well as the ICRAA, and there was no rational basis to decide that the report should be governed by one versus the other); *Moran v. Screening Pros, LLC*, No. 2:12-cv-05808, 2012 U.S. Dist. LEXIS 158598, at ** 15-16 (C.D. Cal. Sept. 28, 2012) *on reconsideration in part*, 2012 U.S. Dist. LEXIS 189350 (C.D. Cal. Nov. 20, 2012) (the ICRAA was unconstitutionally vague because persons of reasonable intelligence could not discern whether criminal information is character information governed by the ICRAA or creditworthiness information governed by CCRAA); *see also Ortiz v. Lyon Mgmt. Grp., Inc.*, 157 Cal. App. 4th 604, 611-19 (2007) (the ICRAA was unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information because reasonable persons could not readily determine whether unlawful detainer information constitutes "character" information governed by the ICRAA or "creditworthiness" information

governed by the CCRAA); *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 640 (4th Dist. 2007) (credit reporting agency was entitled to summary adjudication on consumer claims arising from incomplete tenant screening reports because statutory vagueness resulted in uncertainty as to whether the information in the reports was character information or creditworthiness information).

California enacted two distinct statutes governing consumer reports: (1) the ICRAA, which governs reports containing information on a consumer's character, general reputation, personal characteristics, or mode of living; and (2) the CCRAA, which governs reports containing information on a consumer's creditworthiness, credit standing, or credit capacity. *Roe*, 2013 U.S. Dist. LEXIS 88936, at **9-10 (citations omitted). The ICRAA and CCRAA "impose different obligations" on persons furnishing or using consumer reports depending on whether the reports contain creditworthiness or character information. *Ortiz*, 157 Cal. App. 4th at 614. The statutes conflict because they "present[] a false dichotomy between creditworthiness and character." *Id.* at 613.

The line between creditworthiness and character information "is not readily apparent." *Ortiz*, 157 Cal. App. 4th at 615. Criminal information, for example, speaks both to character and creditworthiness. *Roe*, 2013 U.S. Dist. LEXIS 88936, at **16-17 (criminal background information fits both into the category of character evidence under the ICRAA and in the category of creditworthiness under the CCRAA) (citations omitted); *Moran*, 2012 U.S. Dist. LEXIS 158598, at * 21 ("[C]ommon sense dictates that a consumer's criminal record can provide insight into their creditworthiness and credit capacity."). Thus, a CRA furnishing a report containing criminal background information would be subject to inconsistent obligations under the two statutes. *See Ortiz*, 157 Cal. App. 4th at 614. The CRA would be left to "guess" as to which statute applied. *Ortiz*, 157 Cal. App. 4th at 619. For this reason, courts have held that the ICRAA is unconstitutionally vague as applied to consumer reports containing criminal background checks. *Roe*, 2013 U.S. Dist. LEXIS 88936, at *18.

14

Because the Consumer Report here contained information related to Plaintiff's criminal background history, the ICRAA is unconstitutionally vague as applied to that report. The Consumer Report allegedly contained criminal background information on Plaintiff. *See* SAC ¶ 4. This Court has held that such information "bears both on character and on creditworthiness." *Roe*, 2013 U.S. Dist. LEXIS 88936, at *17. Sterling can only guess as to whether the ICRAA or the CCRAA applies. As such, Sterling did not have sufficient notice that the ICRAA covered the Consumer Report, and Plaintiff's claims under the ICRAA should be dismissed.

In opposition, Plaintiff may attempt to rely on *Connor v. First Student, Inc., et al.*, 239 Cal. App. 4th 526 (Cal. Ct. App. Aug. 12, 2015). In *Connor*, the California Court of Appeals reversed summary judgment against the plaintiff's ICRAA claims. Any attempt to rely on *Connor* should be rejected for multiple reasons. First, *Connor* is not binding authority in this Court. Second, the weight of authority in both federal and state California courts is overwhelmingly in favor of finding that the ICRAA is unconstitutionally vague as applied to the Consumer Report at issue here. *See supra*, pp. 13-14. Third, the court's analysis in *Connor* is not persuasive. Contrary to the *Connor* court's assertions, the language and history of the CCRAA and the ICRAA indicate that a consumer report should not be subject to both statutes. Finally, it would be patently unfair to suddenly hold that the ICRAA is constitutional as applied to this case based on one outlier state court opinion — an opinion decided almost a year *after* Sterling's alleged ICRAA violations. To be sure, Sterling would not have had sufficient notice of its obligations under the ICRAA as applied to the Consumer Report since the relevant California state and federal opinions preceding *Connor* clearly determined that the ICRAA is unconstitutionally vague. Therefore, the Court should reject any attempt by Plaintiff to rely on *Connor* and dismiss Plaintiff's ICRAA claims against Sterling.

**V.    PLAINTIFFS' SECTION 1681k(a)(2) FCRA CLAIM, SECTION 1786.28(b) ICRAA CLAIM, CLAIMS OF WILLFUL VIOLATIONS OF SECTIONS 1681e(b) and 1681k(a)(2) OF THE FCRA, AND ICRAA CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE LEAVE TO AMEND WOULD BE FUTILE**

Leave to amend should not be granted where amendment would be futile. *See Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). Here, amendment of Plaintiff's Section 1681k(a)(2) FCRA claim and Section 1786.28(b) ICRAA claim would be futile because Plaintiff simply cannot allege that the Consumer Report allegedly provided by Sterling was incomplete or not up to date—it was not. Moreover, Plaintiff's claims that Sterling "willfully" violated Sections 1681e(b) and 1681k(a)(2) of the FCRA are futile because Plaintiff has not and cannot allege that any technical violation of either provision was objectively unreasonable. Finally, Plaintiff's ICRAA claims are all futile for two independent reasons: (1) the ICRAA explicitly forbids Plaintiff from bringing claims under both the FCRA and ICRAA for the same act or omission; and (2) the ICRAA is unconstitutionally vague. Accordingly, such claims should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Sterling respectfully requests that the Court enter an order: (1) dismissing Plaintiff's Section 1681k(a)(2) FCRA claim and Section 1786.28(b) ICRAA claim against Sterling in their entirety and with prejudice; (2) dismissing Plaintiff's claims of willful violations of Sections 1681e(b) and 1681k(a)(2) of the FCRA in their entirety and with prejudice; (3) dismissing all of Plaintiff's ICRAA claims in their entirety and with prejudice; and (4) granting Abso/Sterling such other and further relief as the Court may deem just and proper.

1   DATED: November 9, 2015

2                                      Respectfully submitted,

                                      SEYFARTH SHAW LLP

5                                   By   /s/ Pamela Q. Devata

                                       Pamela Q. Devata (Admitted

6                                        *pro hac vice*)

                                       Selyn Hong

8                                   Attorneys for Defendant

                                  STERLING INFOSYSTEMS, INC.